(No. 4276-)

LEAH G. KING, WIDOW, ET AL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

RUSSELL J. TOPPER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claim was filed herein on March 6, 1950, by Leah G. King for the death of her husband, Merrill B. King, as a result of injuries sustained in an accident on January 20, 1950.

There are no jurisdictional questions raised and it is admitted by the respondent that proper notice was given, and within the time as provided by statute.

The decedent, Merrill B. King, was employed by the Department of Labor of the State of Illinois as an Unemployment Compensation Offices' Supervisor. King was Supervisor of area VII, which included eight local offices, serving thirty counties in central and southeastern Illinois. Among these local offices are those at Decatur, his headquarters; Springfield, Jacksonville and itinerant points, including Winchester, Illinois.

On January 20, 1950, decedent was fifty-two (52) years old, married to claimant and living with her. She had no dependent children, and was dependent on him for her support. His earnings at that time were $481.00 per month, and in the year preceding the injury he had received more than $5,000.00 as salary.

The evidence and the departmental report discloses the following. On January 20, 1950, at approximately 7:10 o'clock P.M., decedent was enroute from Jacksonville to Springfield, Illinois, for a business conference with Mr. J. A. Fleming, Unemployment Compensation Office Manager at Springfield, which conference had been arranged the previous day. The decedent, while driving east on Illinois Highway No. 36 at a point in the 600 block of Morton Avenue in the City of Jacksonville, Illinois, struck the rear end of a large transport truck parked on the south side of said street. Both the truck and car had lights burning. The impact attracted the attention of Dale Bond, who was some distance west of the scene of the accident, and he immediately went to the car to render assistance. He found Mr. King slumped in the seat, and he immediately felt his pulse, which he found to be rather strong. The witness then called for the police and an ambulance. When the ambulance arrived, he noticed that the pulse was either weak or entirely gone. The decedent was taken to Our Saviour's Hospital in Jacksonville, and apparently after death was seen by Dr. Paul B. Hartley, who stated that in his opinion King died from a crushing injury to the chest. No post mortem was performed at that time.

Later on April 18, 1950, the body of decedent was exhumed, and an autopsy was performed at the Fessant Funeral Home at Bridgeport, Illinois, by Dr. Dennis B. Dorsey and Dr. George Y. McClure, pathologists. Dr. Dorsey was of the opinion that death was caused by a crushing injury to the anterior chest wall with trauma to the base of the heart, causing cardiac arrest. Dr. McClure stated that there was a sudden death as a result of cardiac arrest, caused by a crushing blow to the chest directly over the heart.

It was admitted by the respondent, through the Department of Labor, in the Departmental Report that the decedent was on official business, and in traveling status at the time of the accident, and that subsistence mileage allowances were in effect until his return to his official station of assignment at Decatur.

From the undisputed facts in this record, there could only be one conclusion in this case, and that is that the claimant is entitled to an award for the death of her husband, as a result of accidental injuries he received while in the course of his employment for the respondent on January 20, 1950.

The Court finds that Hugo Antonacci has rendered a statement for stenographic services in the amount of $70.00, which charge is found to be fair and reasonable.

An award is, therefore, made in favor of Leah G. King, widow of Merrill B. King, deceased, in the amount of $6,000.00, to be paid to her as follows:

> $765.00 which has accrued to September 15, 1950, and the balance of $5,235.00, payable in weekly installments of $22.50 each week for 232 weeks, commencing on September 22, 1950, with an additional final payment of $15.00.

All future payments are subject to the terms and conditions of the Workmen's Compensation Act of Illinois.

The jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

An award is also entered in favor of Hugo Antonacci for stenographic services in the amount of $70.00, which is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."